## MATTER OF DELA CRUZ

### In Visa Petition Proceedings

A–20985122
A–20985126

*Decided by Board February 11, 1976*

(1) Jurisdiction of the person, as well as jurisdiction over the subject matter, is a prerequisite for a valid adoption. Counsel's contention that "proper service of process" or "consent or waiver" can be substituted for the necessary personal jurisdiction is rejected.

(2) Since beneficiaries have not resided in Hawaii, were not born there, and have not been in the legal custody of a Hawaiian child-placing agency, their adoption in Hawaii by petitioner does not appear to meet the requirements of the applicable Hawaiian statute (Chapter 573–1) and, therefore, is not valid for immigration purposes. Moreover, there is no evidence that there has been compliance with the two-year residence requirement of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, either prior to or subsequent to the alleged adoptions. Consequently, beneficiaries are ineligible for immediate relative classification as the adopted children of the citizen petitioner.

ON BEHALF OF PETITIONER: B. Martin Luna, Esquire
2103 Wells Street
Wailuku, Maui, Hawaii 96793

The United States citizen petitioner applied for immediate relative status for the beneficiaries as his adopted children under section 201(b) of the Immigration and Nationality Act. In a decision dated February 13, 1975, the district director denied the petitions on the ground that a valid adoption had not taken place inasmuch as both beneficiaries "are and have always been in the Philippines." The petitioner appealed. The appeal will be dismissed.

The beneficiaries, both male, were born in the Republic of the Philippines on March 14, 1960 and August 10, 1960, respectively. The application lists both their addresses as in the Philippines. Counsel does not dispute that they never have been in the United States.

As proof of the adoptive relationship, the petitioner has submitted two decrees, issued by the Family Court, Second Circuit, State of Hawaii, on October 30, 1972, purporting to be effective retroactively to August 10, 1972. Neither decree makes mention of the physical location, residence or domicile of the children. Neither is there any recital as to the court's jurisdiction over their persons.

Section 101(b)(1)(E) of the Act defines "child" to include unmarried persons under twenty-one years who have been adopted while under the age of fourteen years and have thereafter been in the legal custody of, and have resided with the adopting parent or parents for at least two years.

The pertinent Hawaiian statute, Chapter 573-1, reads, in part, as follows:

> Who may adopt; jurisdiction; venue. Any proper adult person, not married, or any person married to the legal father or mother of a minor child, or a husband and wife jointly, may petition a judge of the family court in which the child resides or was born or in which a child-placing organization . . . having legal custody . . . of the child is located, for leave to adopt a minor child. . . .

The beneficiaries have not resided in Hawaii, were not born there, and have not been in the legal custody of a Hawaiian child-placing agency. Thus, it appears that the petition has not even met the requirements of the applicable Hawaiian statute.

The district director was correct in his conclusion that jurisdiction of the person, as well as jurisdiction over the subject matter, is a prerequisite for a valid adoption. We reject counsel's contention that "proper service of process," or "consent or waiver" can be substituted for the necessary personal jurisdiction.

Moreover, there is no evidence that there has been compliance with the two-year residence requirement of section 101(b)(1)(E), either prior to or subsequent to the alleged adoption. Consequently, the petitioner has failed to sustain his burden of establishing that the beneficiaries are his adopted children for purposes of the immigration laws. The decision of the district director was correct.

The appeal accordingly will be dismissed.

**ORDER:** The appeal is dismissed.